■ In the Matter of ATTORNEYS IN VIOLATION OF JUDICIARY LAW § 468-A. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner; MARC ZANE EDELL, Respondent. [964 NYS2d 433]—

Per Curiam. Respondent, who was admitted to practice by this Court in 1982, was suspended by this Court's order dated September 24, 2009 for failure to comply with the attorney registration requirements of Judiciary Law § 468-a (*Matter of Attorneys in Violation of Judiciary Law § 468-a*, 65 AD3d 1447 [2009]).

Respondent now requests reinstatement on the ground that he has complied with the attorney registration requirements of Judiciary Law § 468-a and the Rules of the Chief Administrator of the Courts (*see* 22 NYCRR part 118). Petitioner does not object to respondent's application.

Respondent's application is granted and he is ordered reinstated, effective immediately.

Peters, P.J., Rose, Spain and Garry, JJ., concur. Ordered that respondent's application is granted; and it is further ordered that respondent is reinstated as an attorney and counselor-at-law in the State of New York, effective immediately.

Per Curiam. Respondent, who was admitted to practice by this Court in 2005, was suspended by this Court's order dated

August 5, 2010 for failure to comply with the attorney registration requirements of Judiciary Law § 468-a (*Matter of Attorneys in Violation of Judiciary Law § 468-a*, 76 AD3d 744 [2010]).

Respondent now requests reinstatement on the ground that he has complied with the attorney registration requirements of Judiciary Law § 468-a and the Rules of the Chief Administrator of the Courts (*see* 22 NYCRR part 118). Petitioner does not object to respondent's application.

Respondent's application is granted and he is ordered reinstated, effective immediately.

Peters, P.J., Rose, Spain and Garry, JJ., concur. Ordered that respondent's application is granted; and it is further ordered that respondent is reinstated as an attorney and counselor-at-law in the State of New York, effective immediately.